Luke Busby, Esq.
Nevada State Bar No. 10319
543 Plumas St.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JSB, a minor, by his parents and natural
guardians MARINA DIAZ and
JOSE DIAZ.

   Plaintiff,

vs.

CARSON CITY DEPUTY SHERIFF
HARRY W. WHEELER,

   Defendant(s),

_____/

Case No.:**3:14-cv-00436**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR EXCESSIVE FORCE BY A POLICE OFFICER

### Introduction

1.    This action is brought by Plaintiff JSB ("Plaintiff"), a minor, by his parents and natural guardians, MARINA DIAZ and JOSE DIAZ and by and through the undersigned counsel, to secure redress for Defendant CARSON CITY DEPUTY SHERIFF HARRY W. WHEELER's ("Officer Wheeler" or "Defendant") violation of the Plaintiff's civil right to be free from excessive force and for assault and battery.

### Jurisdiction and Venue

2.    This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 2201; 42 U.S.C. Sections 1983 and 1988; and associated state law claims.

3.    Venue in this action is appropriate in the District of Nevada pursuant to 28 U.S.C. Section 1391(b), and the transaction or occurrence before the Court occurred in this District.

**Parties**

4.    Plaintiff JSB, a minor, brings this action by his parents and natural guardians, MARINA DIAZ and JOSE DIAZ.

5.    Plaintiff is a resident of Carson City, Nevada.  Plaintiff, at the time of filing of the events that lead to the filing of this Complaint, was a 14 year old boy weighing 98 pounds who attended Carson Middle School.  Carson Middle School is located at 1140 W King St. in Carson City, Nevada.

6.    Defendant is and at all relevant times was a Carson City Deputy Sheriff acting under color of law.

7.    Plaintiff alleges that the Defendant performed, participated in, aided and/or abetted in some manner the acts averred herein, proximately causing the damages averred below and is liable to him for the damages and other relief sought herein.

**Factual Allegations**

8.    On or approximately on the afternoon of May 20, 2014, the Plaintiff and three of his schoolmates, two other boys and one girl, were walking home after school.

9.    The Plaintiff and his school mates were walking in an easterly direction towards Curry St. in Carson City.  The Plaintiff was carrying his saxophone in a case and was rolling his bicycle by his side.

10.    During this walk, the Plaintiff and his schoolmates were "horsing around," i.e. play-fighting and wrestling.

11.    During this time, a Security Officer employed by Carson Middle School stopped the Plaintiff and his three schoolmates.  The Security Officer asked the girl who was accompanying the Plaintiff if she was okay or if she needed help, to which she responded that she was okay and that she was just messing around with her friends.

12.    A short time later, the Security Officer again approached the Plaintiff and his schoolmates and told them that he was calling the Carson City Sheriff's Office.  A conversation ensued between the Plaintiff, the Security Officer and the girl accompanying the Plaintiff, in which the Plaintiff and the girl were attempting to explain to the Security Officer that there was no

problem and that they were just playing.  These events occurred at or near the intersection of Second St. and Curry St. in Carson City, near the office of the Nevada Attorney General.

13.   A short time later, two officers from the Carson City Sheriff's Office arrived on the scene.

14.   The Plaintiff recalls that the Defendant is a large man, estimating his size at over six feet and over 200 pounds.

15.   Without speaking a word to the Plaintiff, and without the Plaintiff seeing Officer Wheeler approaching him to do so, Officer Wheeler suddenly and with a great deal of force grabbed the Plaintiff's arm from behind.  Startled, the Plaintiff pulled his arm away from the officer.  Officer Wheeler then grabbed the Plaintiff again, and out of fear the Plaintiff instinctively pulled away from Officer Wheeler. Officer Wheeler then grabbed the Plaintiff threw him on the ground, and began to slam the Plaintiff into the ground and stomp on the Plaintiff.  The screen on the Plaintiff's iPod was cracked due to the force of Office Wheeler slamming the Plaintiff into the ground.

16.   The Plaintiff believes that there were at least seven witnesses to these events exclusive of the Plaintiff, five of which have provided written and signed statements describing the events, including three statements from the Plaintiff's schoolmates' and two statements that are from witnesses that do personally know the Plaintiff and were uninvolved observers of the situation.

17.   Portions of two witness statements, both of which were uninvolved observers of the situation, are reproduced in pertinent below:

> Witness: "I saw the police cars pull up and went to the door to see what was going on. By that time an officer was forcibly throwing a boy to the ground and then picked him up and slammed his body down again.  The boy did not appear to be resisting but looked more like a rag doll or a fish out of water. The officers action seemed excessive"  "The event was horrible to see + did seem out of the scope of necessity."

> Witness: "I heard the sirens and wet to our front door and saw 2 police cars pull up. I watched as one officer grabbed a young man/teenager and throw him on the ground. He picked him up and threw him down again putting a knee in the boy's back. The boy was flopping like a fish out of water." "The Officer picked the boy up by his handcuffed arms and tossed him to the patrol car and against it and then patted the

boy down and put him in the car." "I though the boy must have done something really wrong to be treated so roughly by officers who were so much bigger than he was."

Redacted versions of these statements are attached hereto and included herein by reference as Exhibit 1.

18.   During this beating of the Plaintiff, Officer Wheeler cursed at the Plaintiff, calling him various vulgar and derogatory names.

19.   Officer Wheeler slammed the Plaintiff against his police cruiser with such force that the Plaintiff's glasses flew off of his face.

20.   Officer Wheeler then drove the Plaintiff to a juvenile detention center, where he was held for a short time before being released into the custody of his parents without any formal charge.

21.   At all times Officer Wheeler's actions were objectively unreasonable in light of the facts and circumstances confronting him and at no time did the Plaintiff pose an immediate threat (or any threat) to the safety of Officer Wheeler nor to any other officer or person.  No reasonable officer would have behaved as Officer Wheeler behaved, i.e. Officer Wheeler's beating of the Plaintiff, a 98 pound 14 year old boy, was inherently and objectively unreasonable given the fact that the Plaintiff posed no reasonable threat to Officer Wheeler or any other person and given the Plaintiffs relative size and weight to Officer Wheeler.

22.   At no time did Officer Wheeler issue a warning that physical force would be used, nor did Officer Wheeler tell the Plaintiff that he was under arrest before grabbing the Plaintiff. Instead, Officer Wheeler grabbed the Plaintiff's arm without warning, which merely frightened and confused the Plaintiff.

23.   At no time was the Plaintiff resisting arrest.  The Plaintiff's actions were either involuntary and/or were made in response to the beating that he was being subjected to by Officer Wheeler.  A 98 pound 14 year old boy holding his arm up to cover his face or "flopping like a fish" in response to being grabbed, thrown to the ground, and kicked by a much larger adult police officer does not constitute resisting arrest.

24.   The Plaintiff was not engaged in, nor had he engaged in any crime that would justify his detainment by police.  No probable cause existed to detain the Plaintiff or to charge the

Plaintiff with any crime.  If Officer Wheeler had merely asked a few questions upon arriving on the scene rather than just grabbing the Plaintiff, he would have likely discovered that the Plaintiff had engaged in no wrongdoing and that the Plaintiff was just playing with his friends.

25.   At no time was any force necessary or justified, at no time was the unnecessary infliction of wanton pain appropriate.

26.   Officer Wheeler's beating of the Plaintiff was intended to punish the Plaintiff, as is made clear by the vulgar and derogatory names that Officer Wheeler called the Plaintiff during the beating.

27.   Officer Wheeler at no time considered less intrusive methods of affecting the arrest. Less intrusive means of force were available other than beating the Plaintiff into submission, such as talking to the Plaintiff and attempting to deescalate the situation before using physical force.

28.   At all times Officer Wheeler intentionally and/or recklessly provoked a violent and brutal assault and battery of the Plaintiff without provocation or need.  The Plaintiff at no time exhibited behavior that would justify the use of such force by Officer Wheeler.

29.   The conduct by Officer Wheeler constituted an unreasonable and excessive use of force and an unlawful exercise in police authority.

30.   As a result of the above-described acts, the Plaintiff was deprived of rights and immunities secured to him under the Constitution and the laws of the United States including, but no limited to his right under the Fourth Amendment to be free from excessive and unreasonable force at the hands of the government.

**First Cause of Action**

(Fourth and Fourteenth Amendments, Excessive Force – 42 U.S.C. Section 1983)

31.   Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

32.   At no time did Plaintiff pose a reasonable threat to the safety of Officer Wheeler or to anyone else.

33.   The Plaintiff did not commit any offence against the law that would justify Officer Wheeler's conduct.  Given the Plaintiff's age, size, and level of maturity, the Plaintiff's conduct

prior to Officer Wheelers arrival of the scene was perfectly normal and in no way unlawful.

34.   It was readily apparent Plaintiff was unarmed and posed no reasonable threat to Officer Wheeler or any other person.

35.   At no time did Plaintiff level a verbal threat or physical threat to Officer Wheeler.

36.   At all times Officer Wheeler failed to provide the Plaintiff with a warning that the use of force was imminent while it was entirely feasible for him to do so.

37.   The use of force by Officer Wheeler against the Plaintiff was excessive and unreasonable, causing injury and physical pain and suffering to the Plaintiff.

38.   By the actions described above, Officer Wheeler deprived Plaintiff of the following clearly established and well-settled constitutional rights:

a. Freedom from the use of excessive and unreasonable force;

b. Freedom from the deprivation of liberty without due process of law;

c. Freedom from summary punishment.

39.   Officer Wheeler subjected Plaintiff to these deprivations of his rights either maliciously, or by acting with a reckless disregard for whether Plaintiff's rights would be violated by Officer Wheeler's actions.

40.   As a direct and proximate result of the described unlawful and malicious conduct by Officer Wheeler, committed under color of law and under his authority as a Carson City Deputy Sheriff, suffered injury, severe physical pain and suffering and emotional distress. As a result, he was deprived of his right to be secure in her person against violations of her rights under the Fourth Amendment of the United States Constitution.

41.   The acts of Officer Wheeler were intentional, wanton, malicious and oppressive and made with reckless indifference to plaintiff's rights thus entitling plaintiff to an award of punitive damages against Officer Wheeler.

## Second Cause of Action

### (Assault and Battery)

42.   Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

43.   Officer Wheeler forcibly beat, touched, grabbed, stomped on, slammed on the ground and against a police cruiser, holding him against his will and without his permission.

44.   The Plaintiff was touched, grabbed, thrown to the ground and kicked and manhandled by Officer Wheeler, causing him physical injury.

45.   Officer Wheeler's touch to Plaintiff was unwelcome.

46.   At all times Plaintiff was frightened of and by Officer Wheeler, fearful he would be beaten, or would continue to be beaten, by Officer Wheeler.

47.   As a direct and proximate result of the above described unlawful and malicious conduct by Officer Wheeler, committed under color of law, Plaintiff suffered injury, pain and suffering, and emotional distress.

48.   The acts of Officer Wheeler as described above were intentional, wanton, malicious and oppressive and made with reckless indifference to Plaintiff's rights thus entitling Plaintiff to an award of punitive damages against Officer Wheeler.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against the defendants as follows:

1. For a declaratory and injunctive relief that the policies, practices, and acts complained of herein are illegal and unconstitutional;

2. For actual and compensatory damages from Officer Wheeler, in an amount to be determined at trial;

3. For exemplary and punitive damages from Officer Wheeler in an amount to be determined at trial;

4. For attorney fees and costs incurred herein;

5. For nominal damages; and

6. For such other and further relief as this Court may deem appropriate.

Respectfully submitted this Tuesday, August 19, 2014.


By: _____

Luke Busby, Esq.
Nevada State Bar No. 10319
543 Plumas St.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

## JURY TRIAL DEMAND

The Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this Tuesday, August 19, 2014.


By: _____

Luke Busby, Esq.
Nevada State Bar No. 10319
543 Plumas St.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*



Exhibit List

1. Redacted witness statements