Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
Attorneys for Defendant,
CARSON CITY DEPUTY SHERIFF
HARRY W. WHEELER

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JSB, a minor, by his parents and natural
guardians MARINA DIAZ and JOSE DIAZ,

                                    Plaintiffs,

vs.

CARSON CITY SHERIFF HARRY W.
WHEELER,

                                    Defendants.

CASE NO.  3:14-cv-00436

**ANSWER TO COMPLAINT**

**JURY DEMAND**

        COMES NOW Defendant, HARRY W. WHEELER, by and through his attorneys of

record, Thorndal Armstrong Delk Balkenbush & Eisinger, and in answer to Plaintiffs'

Complaint, hereby admits, denies, and alleges as follows:

### FIRST DEFENSE

        1.  Defendant denies the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

#### Jurisdiction and Venue

        2.  Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

        3.  Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

/ / /

/ / /

- 1 -

**Parties**

4.      Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint, and upon such basis denies said allegations.

5.      Defendant admits the Carson Middle School is located at 1140 W. King Street and is without sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiffs' Complaint.

6.      Defendant admits that he is a Carson City Deputy Sheriff and denies the remaining allegations in Paragraph 6 of Plaintiffs' Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

**Factual Allegations**

8.      Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraphs 8, 9, 10, 11, 12, 13, 14, 16, and 20 of Plaintiffs' Complaint, and upon such basis denies said allegations.

9.      Defendant denies the allegations contained in Paragraphs 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of Plaintiffs' Complaint.

10.      Paragraph 17 contains citations to written statements attached as Exhibit 1 to the Complaint.   Exhibit 1 speaks for itself.

**First Cause of Action**

11.      In answer to Paragraph 31 of Plaintiffs' Complaint, Defendant repeats and realleges each and every answer to Paragraphs 1 through 30 as though fully set forth herein at length.

12.    Defendant denies the allegations contained in Paragraphs 32, 33, 34, 35, 36, 37, 38, 38a, 38b, 38c, 39, 40 and 41 of Plaintiffs' Complaint.

**Second Cause of Action**

13.    In answer to Paragraph 42of Plaintiffs' Complaint, Defendant repeats and realleges each and every answer to Paragraphs 1 through 41 as though fully set forth herein at length.

14.    Defendant denies the allegations contained in Paragraphs 43, 44, 45, 46, 47, and 48 of Plaintiffs' Complaint.

## SECOND DEFENSE

Plaintiffs' Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

## THIRD DEFENSE

Based upon information and belief, Plaintiffs' may have failed to mitigate their damages.

## FOURTH DEFENSE

Pursuant to NRS 41.141, in the event recovery is allowed against more than one defendant in this action, then the liability of this answering Defendant, if any, shall be several to the Plaintiffs only for that portion of the judgment which represents the percentage of negligence attributable to this answering Defendant.

## FIFTH DEFENSE

At all times and places alleged in Plaintiffs' Complaint, the negligence, misconduct, and fault of Plaintiffs exceeds that of this answering Defendant, if any, and Plaintiffs are thereby barred from any recovery against this Defendant.

## SIXTH DEFENSE

All risks and dangers involved in the factual situation described in Plaintiffs' Complaint were open, obvious, and known to Plaintiffs and Plaintiffs voluntarily assumed said risks and dangers.

1

**SEVENTH DEFENSE**

2        It has been necessary for Defendant to employ the services of an attorney to defend this

3 action, and a reasonable sum should be allowed Defendant as and for attorney's fees, together

4 with its costs expended in this action.

5

**EIGHTH DEFENSE**

6        Defendant alleges that at all times and places alleged in the Complaint, Plaintiffs did not

7 exercise ordinary care, caution or prudence in the premises to avoid the loss herein complained

8 of, and that same was directly and proximately contributed to and caused by the negligence,

9 misconduct and fault of the Plaintiffs.

10

**NINTH DEFENSE**

11        The damages, if any, incurred by Plaintiffs are not attributable to any act, conduct, or

12 omission on the part of this Defendant; Defendant denies that they were negligent in any manner

13 or in any degree with respect to the matters set forth in Plaintiff's Complaint.

14

**TENTH DEFENSE**

15        Defendant's alleged actions or omissions were taken with due care in the execution of the

16 statutes and regulations, and, therefore, Defendant is statutorily immune from this action.

17

**ELEVENTH DEFENSE**

18        Defendant's alleged actions or omissions occurred in the exercise or performance of

19 discretionary functions and duties, and, therefore, Defendant is statutorily immune from this

20 action.

21

**TWELFTH DEFENSE**

22        An award of punitive damages against Defendant would be violative of the Fifth

23 Amendment of the United States Constitution in that there is no assurance against multiple,

24 unrestrained punishment in the form of punitive damages.  Such an award of punitive damages

25 would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

26

**THIRTEENTH DEFENSE**

27        An award of punitive damages against Defendant would be violative of the due process

28 clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due

process clause of the Nevada Constitution, Art. I, §8.

1

### FOURTEENTH DEFENSE

2      An award of punitive damages against Defendant would constitute an undue burden upon

3  interstate commerce and violate the interstate commerce clause of the United States Constitution,

4  Art. I, §8.

5

### FIFTEENTH DEFENSE

6      An award of punitive damages against Defendant would constitute an excessive fine

7  violative of the Nevada Constitution, Art. I, §7.

8

### SIXTEENTH DEFENSE

9      An award of punitive damages against Defendant should be barred since Plaintiffs cannot

10  establish that Defendant had an "evil mind" and "conducted itself in an aggravated and

11  outrageous manner."

12

### SEVENTEENTH DEFENSE

13      The occurrence referred to in Plaintiffs' Complaint, and all damages, if any, arising

14  therefrom, were caused by the acts or omissions of a third person or persons over whom this

15  Defendant had no control.

16

### EIGHTEENTH DEFENSE

17      Upon information and belief, Defendant alleges that Plaintiffs' causes of action as set

18  forth in the Complaint are barred by the statute of limitations as contained in Chapter 11 of the

19  Nevada Revised Statutes and those applicable to Plaintiffs' claims brought under 42 U.S.C.

20  §1983.

21

### NINETEENTH DEFENSE

22      The burden of proof on punitive damages should be by clear and convincing evidence.

23

### TWENTIETH DEFENSE

24      Defendant is entitled to qualified good faith immunity.

25

### TWENTY FIRST DEFENSE

26      To the extent Plaintiffs' complaint asserts state tort claims, his recovery is limited to the

27  sum of $100,000.00 by virtue of the provisions of Chapter 41 of the Nevada Revised Statutes.

28  / / /

1

## TWENTY SECOND DEFENSE

2

Probable cause existed for the detention/arrest of Plaintiff "JSB".

3

## TWENTY THIRD DEFENSE

4    Punitive damages are not recoverable against this answering Defendant concerning any

5 state tort claims asserted in Plaintiffs' complaint by virtue of the provisions of Chapter 41 of the

6 Nevada Revised Statutes.

7

## TWENTY FOURTH DEFENSE

8    No unlawful custom or policy exists in Carson City as alleged in Plaintiffs' Complaint.

9

## TWENTY FIFTH DEFENSE

10    Plaintiffs are constrained from invoking equitable jurisdiction and an equitable remedy

11 because Plaintiffs have not come before this Court with clean hands.

12

## TWENTY-SIXTH DEFENSE

13    Plaintiffs are estopped from asserting any cause of action whatever against Defendant.

14

## TWENTY-SEVENTH DEFENSE

15    Plaintiffs have waived and abandoned any and all claims as alleged herein against this

16 Defendant by their acts and conduct.

17

## TWENTY EIGHTH DEFENSE

18    The Defendant is entitled to absolute immunity from suit.

19

## TWENTY-NINTH DEFENSE

20    Pursuant to FRCP Rule 11, as amended, all possible affirmative defenses may not have

21

22 been alleged herein insofar as sufficient facts were not available to Defendant after reasonable

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28

inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

DATED this 8th day of September, 2014.

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

By: ___///___Katherine Parks, Esq.___//___
     Katherine F. Parks, Esq.
     State Bar No. 6227
     6590 S. McCarran Blvd., Suite B
     Reno, Nevada 89509
     (775) 786-2882

     Attorneys for Defendant
     CARSON CITY DEPUTY SHERIFF
     HARRY W. WHEELER

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and that on this date I caused the foregoing **ANSWER TO COMPLAINT** to be served on all parties to this action by:

_____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the

United States mail at Reno, Nevada.

__✓__ United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

_____ personal delivery

_____ facsimile (fax)

_____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**543 Plumas Street**
**Reno, NV 89509**
*Attorney for Plaintiffs*

DATED this 8th day of September, 2014

_____//   Sam Baker_____//
An employee of THORNDAL ARMSTRONG DELK
BALKENBUSH & EISINGER

- 8 -