1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                    * * *

                                       )
9    JSB, a minor, by his parents and natural    )
     guardians MARINA DIAZ and JOSE DIAZ,        )
10                                     )              3:14-CV-0436-LRH-WGC
                      Plaintiffs,      )
11                                     )
     v.                                )             ORDER
12                                     )
     CARSON CITY SHERIFF HARRY W.      )
13   WHEELER,                          )
                                       )
14                    Defendant.       )
     _____ )

15          Before the court is defendant Deputy Harry W. Wheeler's ("Deputy Wheeler") motion for

16   summary judgment. Doc. #16.[1] Plaintiff JSB filed an opposition (Doc. #20) to which Deputy

17   Wheeler replied (Doc. #23).

18   **I.    Facts and Procedural History**

19          On the afternoon of May 20, 2014, JSB, a student at Carson Middle School, was walking

20   with several other students including two males, JJG and FR, and a female, NG, near West Second

21   Street and South Curry Street in Carson City, Nevada. Non-party Officer Orlando Sanchez

22   ("Officer Sanchez"), an officer with the Carson City School District, was on after-school patrol in

23   the same area as the students when he noticed JSB and the other boys pushing around NG. Officer

24   Sanchez pulled up next to the students and asked if there was a problem. The male students replied

25

26          _____
               [1] Refers to the court's docket entry number.

1   that they were "just fooling around." Not receiving an answer from NG, Officer Sanchez asked her

2   if everything was okay to which she replied yes. Officer Sanchez then instructed the students to

3   watch their behavior. But wary of the manner in which the boys were acting, Officer Sanchez drove

4   to a spot where he could continue to watch the students as they walked down the street.

5         As the group of students continued on, Officer Sanchez observed one of the other boys grab

6   and push NG. Officer Sanchez believed that the boys' attention towards NG was unwanted and that

7   she was trying to resist. After he observed plaintiff JSB grab NG one more time, Officer Sanchez

8   moved towards the group and radioed the Carson City Sheriff's Office to report that he was going

9   to make contact with the group of students.

10        When Officer Sanchez approached the group, the three boys started yelling at Officer

11  Sanchez. When Officer Sanchez again asked the students what was going on, JSB walked around

12  him and said "fuck this, let's go." Officer Sanchez told the boys that he was calling for back-up to

13  which JSB replied "bring your backup homie, fuck your back up." Believing the situation to be

14  escalating, and concerned for his safety as employees of the school district are not allowed to carry

15  firearms, Officer Sanchez radioed the Sheriffs' Office for officer assistance.

16        Deputy Wheeler and Deputy Rick Encinas arrived on scene within minutes and made

17  contact with the group of students. Officer Sanchez told Deputy Wheeler that JSB was the student

18  causing the problems so Deputy Wheeler turned to JSB and told him to stop. JSB refused and

19  continued to walk away. Deputy Wheeler then walked towards JSB and grabbed a hold of his wrist.

20  JSB pulled away and said "what the fuck." JSB then began twisting, flailing, and spinning around

21  to get out of Deputy Wheeler's grasp. Deputy Wheeler gave JSB several oral commands to stop and

22  put his hands behind his back, but JSB refused. Deputy Wheeler then put JSB on his stomach and

23  lifted him by one leg until he was eventually able to place him in handcuffs. JSB was then

24  subsequently arrested for interference with a sheriff's officer.

25        On August 19, 2014, JSB filed the underlying complaint against Deputy Wheeler alleging

26  two causes of action: (1) a Section 1983 claim for excessive force; and (2) common law assault and

1   battery. Doc. #1.

2          While this action was pending, juvenile proceedings were commenced against JSB for

3   Interference with a City or Sheriff's Officer in violation of Carson City Municipal Code §8.04.050.

4   On October 14, 2014, after a fact-finding hearing, the Juvenile Court Master found that on May 20,

5   2014, JSB unlawfully hindered, obstructed, resisted, delayed and/or engaged in physical behavior to

6   prevent cooperation with law enforcement officers. JSB appealed the decision arguing that the

7   master's finding was in error as JSB was unable to present evidence that his interference with

8   officers was caused by and a direct result of Deputy Wheeler's alleged use of excessive force

9   during the May 20 altercation. JSB's appeal was granted and the matter was sent back for an

10  additional fact-finding hearing to allow JSB to present evidence that he was subject to excessive

11  force by Deputy Wheeler.

12         A second fact-finding hearing was held by a different Juvenile Court Master on May 4,

13  2015, during which JSB presented evidence of the alleged excessive force. On June 1, 2015, the

14  new Juvenile Court Master issued a finding that the state had again proven beyond a reasonable

15  doubt that JSB violated CCMC §8.04.050, and that Deputy Wheeler did not engage in excessive

16  force which caused JSB's interfering conduct. JSB again appealed the special master's finding.

17         While JSB's appeal was pending Deputy Wheeler filed the present motion for summary

18  judgment. Doc. #16. After the filing of the motion for summary judgment, Judge James Wilson

19  ("Wilson") issued an order on September 4, 2015, affirming the Juvenile Court Master's findings

20  of fact that JSB had committed the offense of Interference with a City or Sheriff's Officer as

21  defined by CCMC §8.04.050. *See* Doc. #26, Exhibit 1. Judge Wilson specifically found that the

22  special master had "heard evidence related to the excessive force issue," but that "[u]nder the set of

23  facts presented at the second fact-finding, the detention by Deputy Wheeler was proper based on

24  [JSB's] non-compliant and aggressive behavior witnessed by both the Deputy himself and [Officer

25  Sanchez]." *Id*. In particular, Judge Wilson found that there was no excessive force because "[JSB]

26  became verbally and physically aggressive in an attempt to resist being detained by Deputy

3

1    Wheeler." *Id*. Subsequently, on October 23, 2015, JSB filed an appeal of Judge Wilson's order to

2    the Nevada Supreme Court. *See* Doc. #27.

3    **II.    Legal Standard**

4            Summary judgment is appropriate only when the pleadings, depositions, answers to

5    interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

6    genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter

7    of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together

8    with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

9    to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

10   587 (1986); *Cnty of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

11           The moving party bears the burden of informing the court of the basis for its motion, along

12   with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,

13   477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

14   must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

15   find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259

16   (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

17           To successfully rebut a motion for summary judgment, the non-moving party must point to

18   facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*

19   *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might

20   affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

21   242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary

22   judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding

23   a material fact is considered genuine "if the evidence is such that a reasonable jury could return a

24   verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla

25   of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

26   there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III.    Discussion

In his motion, Deputy Wheeler argues that JSB's Section 1983 claim for excessive force fails as a matter of law under the doctrine annunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, a Section 1983 claim based on conduct or activity which would "render a conviction or sentence invalid" is precluded. 512 U.S. at 485. In other words, *Heck* provides that if a criminal conviction arising out of the same facts or conduct stands and is fundamentally inconsistent with the unlawful behavior for which Section 1983 damages are sought, then the 1983 claim must be dismissed. *See Smithart v. Towney*, 79 F.3d 951, 952 (9th Cir. 1996).

Here, the court finds that the present motion to dismiss the 1983 claim pursuant to *Heck* is premature as JSB has appealed the underlying conviction to the Nevada Supreme Court. As such, the court cannot make a determination as to whether or not *Heck* would preclude the present action at this time. Therefore, the court shall deny Deputy Wheeler's motion for summary judgment without prejudice and allow Deputy Wheeler to re-file the motion subsequent to the outcome of JSB's appeal of his criminal conviction.

Additionally, the court finds that proceeding with further discovery and litigation in this action while the appeal is pending is unnecessary. As such, the court finds that this action should be stayed pending decision upon the appeal before the Nevada Supreme Court.

### IV.    Motions to Seal

Also before the court are the parties' various motions to seal. Doc. ##18, 19, 22, 25. As an initial matter, the court is acutely cognizant of the presumption in favor of public access to papers filed in the district court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Therefore, a party seeking to file materials under seal bears the burden of overcoming that presumption by showing that the materials are covered by an operative protective order and are also deserving of confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2005). Specifically, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."

1  *Kamakana, City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations
2  omitted).
3       The court has reviewed the documents and pleadings on file in this matter and finds that the
4  documents at issue in the present motions contain sensitive information about JSB, a minor.
5  Therefore, the court finds that the parties have satisfied their burdens to show compelling reasons
6  for filing the various pleadings under seal. Accordingly, the court shall grant the parties' motions.

7

8       IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #16)
9  is DENIED without prejudice.
10      IT IS FURTHER ORDERED that this action, 3:14-cv-0436-LRH-WGC, is STAYED
11  pending decision of the Nevada Supreme Court. The parties shall submit and file joint status
12  reports every six (6) months after entry of this order updating the court on the appellate
13  proceedings.
14      IT IS FURTHER ORDERED that the parties' motions to seal (Doc. ##18, 19, 22, 25) are
15  GRANTED.
16      IT IS SO ORDERED.
17      DATED this 24th day of November, 2015.

18  _____
19  LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26

6